Mr. Paul Morgan Chairman Electrical Contractors' Licensing Board Department of Professional Regulation 1940 North Monroe Street, Suite 60 Tallahassee, Florida 32399-0750
Dear Mr. Morgan:
You have asked substantially the following questions:
 1. Under the provisions of Part II, Ch. 489, F.S. (1988 Supp.), is an individual engaged in alarm system contracting under a local license subject to prosecution for engaging in unlicensed alarm system contracting?
 2. Is an individual performing alarm system contracting under a locally issued unlimited electrical contractor's license exceeding the scope of his license?
 3. What license is required by Part II, Ch. 489, F.S. (1988 Supp.), for an individual to lawfully engage in alarm system contracting?
In sum, I am of the following opinion:
 In the absence of a clear statutory proscription, the Electrical Contractors' Licensing Board is not authorized to prosecute an individual engaging in alarm system contracting under a locally issued license in a limited geographical area. However, in light of the conflicting language contained in Part II, Ch. 489, F.S. (1988 Supp.), regarding the registration of alarm system contractors, the board may wish to seek a declaratory judgment or legislative clarification.
As your questions are interrelated, I will address them together.
The Legislature has declared that alarm system contracting is an important and potentially dangerous service if not properly provided, and, therefore, must be regulated in the interest of public health, safety, and welfare.[1] Through Part II, Ch.489, F.S. (1988 Supp.), the Legislature has provided a regulatory scheme for those persons who wish to act as alarm system contractors within this state.
Section 489.516(1), F.S. (1988 Supp.), provides:
 Any person who desires to engage in electrical or alarm system contracting on a statewide basis shall, as a prerequisite thereto, establish his competency and qualifications to be certified pursuant to this part. To establish his competency, a person shall pass the appropriate examination administered by the department.
 Any person who desires to engage in electrical contracting on other than a statewide basis shall, as a prerequisite thereto, be registered pursuant to this part, unless exempted by this part.[2] (e.s.)
Furthermore, s. 489.537(7), F.S. (1988 Supp.), provides that "[t]he scope of work of a certified unlimited electrical contractor includes the work of a certified alarm system contractor as provided in this part." Thus, a certified alarm system contractor[3] or a certified unlimited electrical contractor[4] may engage in alarm system contracting on a statewide basis.[5]
While Part II, Ch. 489, F.S. (1988 Supp.), sets forth the procedure for certifying individuals engaging in alarm system contracting on a statewide basis, there is no analogous provision for the registration of persons engaging in alarm system contracting in a geographically limited area under a locally issued license. The absence of such a procedure has resulted in confusion as to whether individuals may lawfully engage in alarm system contracting under a locally issued license in a geographically limited area.[6]
Pursuant to s. 489.513(3), F.S. (1988 Supp.), "[a]ll persons contracting in the state shall be registered with the department unless they are certified." This section also provides a procedure for an applicant to become registered:
 To be registered, the applicant shall file evidence of holding a current occupational license or a current license issued by any municipality or county of the state for the type of work for which registration is desired, on a form provided by the department, together with evidence of successful compliance with the local examination and licensing requirements, if any, in the area for which registration is desired, accompanied by the registration fee fixed pursuant to this part. . . .
The term "contracting," when used in Part II, Ch. 489, F.S. (1988 Supp.), includes both electrical and alarm system contracting.[7]
There is no distinction made between alarm system contractors and electrical contractors in s. 489.513(3) and (4), F.S. (1988 Supp.), when prescribing the requirements for registration.[8]
Whether an individual may be registered appears to depend upon proof of current local licensure and successful compliance with local examination and licensing requirements. The Legislature prescribes the registration fee which must be paid by the applicant and the Department of Professional Regulation provides a registration form. Part II, Ch. 489, F.S. (1988 Supp.), however, does not prescribe a registration fee for alarm system contractors.[9] Furthermore, this office has been informed that the Department of Professional Regulation does not provide a registration form for alarm system contractors.
Confusion has arisen in determining whether the board may prosecute an individual for exceeding the scope of a license or unlicensed contracting when acting as an alarm system contractor under a local license in the geographically limited area prescribed by the license, since Part II, Ch. 489, F.S. (1988 Supp.), requires a person contracting in this state to be registered, unless certified, and defines the term "contracting" to include alarm system contracting for registration purposes.[10]
In Lester v. Department of Professional and Occupational Regulations, State Board of Medical Examiners,[11] the court considered the application of the disciplinary provisions in the Medical Practice Act, Ch. 458, F.S., to determine whether certain activities by a physician were proscribed by the statute. The court stated:
 In construing the language and import of this statute we must bear in mind that it is, in effect, a penal statute since it imposes sanctions and penalties in the nature of denial of license, suspension from practice, revocation of license to practice, private or public reprimand, or probation, upon those found guilty of violating its proscriptions. This being true the statute must be strictly construed and no conduct is to be regarded as included within it that is not reasonably proscribed by it. Furthermore, if there are any ambiguities included such must be construed in favor of the applicant or licensee.[12]
The Lester court acknowledged that the Medical Practice Act was enacted in the interest of the public welfare and is to be liberally construed to promote that purpose. Such a purpose, however,
 does not justify a construction which includes within the ambit of the statute's proscription conduct not clearly included therein. Nor does it justify a construction that would deny to an individual physician the right to know in advance from a reading of the language what conduct is proscribed by the legislature.[13]
Part II, Ch. 489, F.S. (1988 Supp.), as a licensing statute containing sanctions and penalties for proscribed activity, is a penal statute which must be strictly construed. Designed to protect the general welfare of the public, it must be liberally construed to effect that purpose. As the court determined in Lester, such purpose cannot be used to justify a construction which would include conduct not clearly proscribed by the statute or which would deny a licensee the right to know in advance what is proscribed by the statute.
Part II, Ch. 489, F.S. (1988 Supp.), does not clearly proscribe alarm system contracting under a local license in a geographically limited area. Furthermore, a review of the legislative history of the amendments to Part II, Ch. 489, F.S. (1988 Supp.), does not provide any clear evidence of legislative intent to proscribe such activity.[14]
Accordingly, in the absence of a clear statutory proscription, I am of the opinion that the board is without authority to prosecute an individual engaging in alarm system contracting under a local license in the geographically limited area prescribed therein. In light of the inconsistency in statutory language regarding the registration of alarm system contractors under Part II, Ch. 489, F.S. (1988 Supp.), however, the board may wish to seek either a declaratory judgment or legislative clarification on this matter.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] See, s. 489.501, F.S.
[2] Section 489.503(11), F.S. (1988 Supp.), exempts from the licensing requirements "[a]ny person whose business is limited to the installation of burglar alarms in single-family homes and two-family homes, mobile homes, and small commercial buildings having a square footage of not more than 5,000 square feet." Section 489.503(12), F.S. (1988 Supp.), exempts the installation of alarm systems on motor vehicles and boats.
[3] Section 489.505(2), F.S. (1988 Supp.), defines "[a]larm system contractor" as "a person whose business includes the execution of contracts requiring the ability, experience, science, knowledge, and skill to lay out, fabricate, install, maintain, alter, repair, monitor, inspect, replace, or service alarm systems for compensation" and s. 489.505(7), F.S. (1988 Supp.), defines "[c]ertified alarm system contractor" to mean "an alarm system contractor who possesses a certificate of competency issued by the department."
[4] Section 489.505(12), F.S. (1988 Supp.), defines "unlimited electrical contractor" as:
 [A] person who conducts business in the electrical trade field and who has the experience, knowledge, and skill to install, repair, alter, add to, or design, in compliance with law, electrical wiring, fixtures, appliances, apparatus, raceways, conduit, or any part thereof, which generates, transmits, transforms, or utilizes electrical energy in any form, including the electrical installations and systems within plants and substations, all in compliance with applicable plans, specifications, codes, laws, and regulations. The term means any person, firm, or corporation that engages in the business of electrical contracting under an express or implied contract; or that undertakes, offers to undertake, purports to have the capacity to undertake, or submits a bid to engage in the business of electrical contracting; or that does itself or by or through others engage in the business of electrical contracting.
[5] See, s. 489.505(4), F.S. (1988 Supp.), defining "[c]ertificate" as "a geographically unlimited certificate of competency issued by the department as provided in this part."
[6] Cf., s. 489.117, F.S. (1988 Supp.), providing a registration procedure whereby an individual may engage in construction contracting in a limited geographical area and only for the type of work covered by the registration.
[7] See, s. 489.505(9), F.S. (1988 Supp.), defining "[c]ontracting" as "engaging in business as a contractor" and s.489.505(10), F.S. (1988 Supp.), defining "[c]ontractor" as "a person who is qualified to engage in the business of electrical or alarm system contracting pursuant to a certificate or registration issued by the department."
[8] See, s. 489.513(4), F.S. (1988 Supp.). Cf., s. 489.531, F.S. (1988 Supp.), in pertinent part, providing:
 (1) No person shall: (a) Practice contracting unless the person is certified or registered; (b) Use the name or title "electrical contractor" or "alarm system contractor" or words to that effect, or advertise himself as available to practice electrical or alarm contracting, when the person is not then the holder of a valid certification or registration issued pursuant to this part; . . .
[9] Section 489.509, F.S. (1988 Supp.), provides only that the fee for initial application and licensure for certification of alarm system contractors shall not exceed $400.
[10] Section 489.516(2), F.S. (1988 Supp.), in pertinent part, provides:
 No person who is not certified or registered shall engage in the business of contracting in this state. To enforce this subsection: (a) The department shall issue a cease and desist order to prohibit any person from engaging in the business of contracting who does not hold the required certification or registration for the work being performed under this part. For the purpose of enforcing a cease and desist order, the department may file a proceeding in the name of the state seeking issuance of an injunction or a writ of mandamus against any person who violates any provisions of such order.
[11] 348 So.2d 923 (1 D.C.A.Fla., 1977).
[12] Id. at 925.
[13] Id.
[14] House of Representatives, Subcommittee on Technical and Consumer Services, House Bill 266, Tape 1 of 1, April 8, 1987.